UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. 1:25-MJ-00668-DH |
| | § | |
| **(1) GERARDO ORTEGA-CONTRERAS,** | § | |
| *Defendant* | § | |

### ORDER

Before the Court is Defendant Gerardo Ortega-Contreras's Motion to Dismiss for Speedy Trial Act Violation, Dkt. 13. The Government agrees that Ortega-Contreras's complaint should be dismissed. Dkt. 14. The sole dispute between the parties is whether that dismissal should be with or without prejudice. *Id.* For the reasons stated below, the Court grants Ortega-Contreras's motion to dismiss and orders that the complaint be dismissed without prejudice.

### I.   BACKGROUND

The Government's complaint, filed on June 20, 2025, charges Ortega-Contreras with illegal reentry in violation of 8 U.S.C. § 1326. Dkt. 1. Authorities arrested Ortega-Contreras in Houston, in the Southern District of Texas, on July 3, and he appeared before a magistrate judge for his initial appearance there on that same day. Dkt. 4. The U.S. Marshals Service transferred him to this District, where he appeared for an initial appearance here in the Austin Division on July 25. Dkt. 6. He has been in federal custody since his July 3 arrest. Dkts. 9, 12. To date, the Government has not filed an information or indictment against Ortega-Contreras.

## II.   DISCUSSION

The Speedy Trial Act requires the Government to file an indictment or information within 30 days of a defendant's arrest on a complaint. 18 U.S.C. § 3161(b). If the Government fails to do so, the "charge against that individual contained in such complaint shall be dismissed or otherwise dropped." *Id.* § 3162(a)(1). "[T]he decision whether to dismiss a complaint under the Speedy Trial Act with or without prejudice is entrusted to the sound discretion of the district judge and ... no preference is accorded to either kind of dismissal." *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987); *see also, e.g., United States v. Blevins*, 142 F.3d 223, 225 (5th Cir. 1998) ("A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act."). Congress set out three factors the Court must consider, "among others," in the exercise of that discretion: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Melguizo*, 824 F.2d at 371. "The defendant has the burden of proving that dismissal of his case pursuant to these factors is appropriate." *Blevins*, 142 F.3d at 225.

As noted above, the Government does not contend that it has not violated the Speedy Trial Act; the sole dispute is whether the case should be dismissed with or without prejudice.

### A.  Seriousness of the Offense

Illegal reentry is a felony. Ortega-Contreras argues that the Court should not consider the charge to be serious, though, because it is a "nonviolent offense and frequently prosecuted." Dkt. 13, at 3. The Government responds that based on his criminal history, which includes a recent felony DWI for which he served four years of state imprisonment in Texas, Ortega-Contreras's maximum term of imprisonment for his charge in this case will be ten years, and possibly 20, if any of his prior convictions are considered aggravated felonies. Dkt. 14, at 2; *see* 8 U.S.C. § 1326(b). Because Ortega-Contreras falls within the punishments available under § 1326(b), the Court agrees with the Government that this factor weighs against dismissal with prejudice. *See, e.g.*, *United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003) (discussing this factor in the context of a § 1326 charge and noting that charges carrying maximum imprisonment terms ranging from 10 to 20 years were found to be serious offenses).

### B.  Facts and Circumstances Leading to Dismissal

The Government states in its response that the failure to indict within the 30-day window was due to "oversight and not done to gain an advantage." Dkt. 14, at 2. The Government goes on to explain that

> Counsel for the government received notice from ICE agents that Ortega would be released from the state penitentiary and would be presented for prosecution for illegal reentry. ICE indicated that they would notify counsel when he appeared in Austin. Counsel for the government was on leave when Ortega appeared in the district. Discovery was delivered to defense counsel via email on July 29, 2025. Counsel for the government failed to calendar the indictment deadline, and no further

3

communication with defense counsel took place until the filing of the motion to dismiss.

*Id.*

"Normally, the burden is on the Government to explain the violation." *Mancia-Perez*, 331 F.3d at 468 (citing *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002)). "'Once the Government meets this initial burden, the defendant may show that the reason offered by the Government is pretextual.'" *Id.* (quoting *United States v. May*, 819 F.2d 531, 533 (5th Cir. 1987)). Here, the Government further acknowledges that "communication clearly broke down, and the government failed to meet its obligation to indict timely." Dkt. 14, at 2-3. But the Government also notes that "[t]here is no pattern in this division that demonstrates a failure to indict promptly," *id.* at 2, and Ortega-Contreras does not argue otherwise, Dkt. 13.

Based on the facts as set out on this record, the undersigned cannot conclude that the Government's explanation is pretextual or made with some ulterior motive. Accordingly, the Court finds that this factor weighs in favor of a dismissal without prejudice. *See Mancia-Perez*, 331 F.3d at 469 (holding that under Fifth Circuit precedent, "the district court did not abuse its discretion in finding that, because the Government's delay was not for an ulterior purpose and because the Government's failure to meet the deadline was not repetitive, regular, or frequent, this factor weighed in favor of a dismissal without prejudice").

### C.    Impact on the Administration of Justice

"The final § 3162 factor encompasses three concerns: The defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's

4

repeated violations of the speedy trial requirements; and the public's interest in bringing the accused to trial." *Id.* (citing *Blevins*, 142 F.3d at 226). "Also implicated by this factor is the presence or absence of prejudice to the defendant." *Id.* (citing *United States v. Taylor*, 487 U.S. 326, 334 (1988)).

Quoting this Court's decision in *United States v. Hernandez-Amparan*, Ortega-Contreras notes that "'[i]n light of the fact that Defendant has already been prosecuted and sentenced for his prior offenses, and may still be deported as a consequence of his illegal entry, dismissal with prejudice would not significantly impede the administration of justice.'" Dkt. 13, at 4 (quoting 600 F. Supp. 2d 839, 844 (W.D. Tex. 2009)). He further notes that this factor "'requires consideration of the broad policy aims of the [Speedy Trial Act] and the act at issue in the underlying criminal prosecution,'" *id.* (quoting *Martinez-Espinoza*, 299 F.3d at 419), and that in "a district and division where the government is electing to dramatically increase the number of prosecutions under Section 1326, allowing reprosecution at this juncture risks giving the impression that the government's failure to comply with the Speedy Trial Act in illegal reentry cases need not be taken seriously," *id.* Ortega-Contreras closes by arguing that "[r]eprosecution would undermine the purpose of the Speedy Trial Act, which is to ensure prompt indictment and prevent prolonged detention without formal charges." *Id.*

The Government responds by pointing to the Fifth Circuit's decision in *Mancia-Perez*, where the Court found that a 63-day delay was not "serious or severe" and that the Government, there as here, had not "engage[d] in a pattern of filing untimely

illegal reentry indictments." Dkt. 14, at 3; 331 F.3d at 469. The Government notes, and Ortega-Contreras has not argued to the contrary, that "the failure by the Government to file a timely indictment under 8 U.S.C. § 1326 against Ortega is highly unusual in this division." Dkt. 14, at 3.

A "dismissal without prejudice … 'imposes some costs on the government.'" *Mancia-Perez*, 331 F.3d at 469 (quoting *Martinez-Espinoza*, 299 F.3d at 419). Moreover, the "public has a great interest in bringing to trial defendants, especially recidivists, who have been accused of committing serious crimes." *Id.* (internal quotation marks omitted). Here, weighing the policy considerations and the interests of the public, the Government, and Ortega-Contreras, the Court concludes that this factor favors dismissal without prejudice.

### III.    ORDER

For the foregoing reasons, the Court **GRANTS** Ortega-Contreras's motion to dismiss, Dkt. 13, and **ORDERS** that the Complaint against him, Dkt. 1, be **DISMISSED WITHOUT PREJUDICE**.

The Court **FURTHER ORDERS** that Ortega-Contreras be released from custody on this charge.

SIGNED September 9, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE